UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case Number 15-11224

v.                                               Honorable David M. Lawson

DENISE POPE, CDP TAX SERVICES, INC.,
JANISE JONES, and CDP ACCOUNTING
SERVICES, P.C.,

        Defendants.
_____/

**ORDER HOLDING DEFENDANTS DENISE POPE AND JANISE JONES
IN CIVIL CONTEMPT AND SCHEDULING STATUS CONFERENCE**

On September 1, 2016, the government filed a motion for preliminary injunction. On September 16, 2016, the parties submitted a stipulation to resolve that motion by entry of an order imposing injunctive relief upon their agreed terms. On September 21, 2016, the Court entered an order imposing the agreed injunctive relief, requiring the defendants to cease engaging in the business of tax preparation during the pendency of this case, and directing them to send a copy of the Court's order and a letter on a form agreed to by the parties to all persons or entities for whom they have prepared tax returns within the time period relevant to this matter.

On December 6, 2016, the government filed a motion asking the Court to order the defendants to appear and show cause why they should not be sanctioned for violating the order imposing injunctive relief, because the defendants failed fully to comply with the notice and disclosure provisions of the order, and the government also had information suggesting that the defendants had prepared tax returns for other individuals after the injunction was issued.

"In a civil contempt proceeding, the petitioner must prove by clear and convincing evidence that the respondent violated the court's prior order." *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir.

1991). The charging party must prove the existence of a court order and show that the respondent's conduct violated its terms. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (plaintiffs "ha[ve] the burden of establishing by clear and convincing evidence that the [defendants] 'violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'") (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Since civil contempt is remedial in nature, the charging party need not establish willfulness; "intent in disobeying [an] order . . . is irrelevant to the validity of the contempt finding." *In re Jaques*, 761 F.2d 302, 306 (6th Cir. 1985) (citation omitted). "[I]mpossibility [is] a defense to contempt, but the [defendant] ha[s] the burden of proving impossibility, and that burden is difficult to meet." *Glover*, 934 F.2d at 708 (quotation marks omitted). "Although diligence is relevant to the question of ability to comply . . . evidence of diligence alone does not satisfy that burden." *Ibid.* "Good faith is not a defense in civil contempt proceedings." *Gnesys, Inc. v. Greene*, 437 F.3d 482, 493 (6th Cir. 2005). "[T]he test is not whether defendants made a good faith effort at compliance but whether 'the defendants took all reasonable steps within their power to comply with the court's order.'" *Glover*, 934 F.2d at 708 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

On January 19, 2017, the Court held a hearing at which the individual defendants personally appeared and testified. During their testimony, defendants Denise Pope and Janise Jones each admitted that they had prepared and transmitted tax returns for other persons after the Court issued the injunction commanding them to cease engaging in the business of tax preparation. They also conceded that they had actual knowledge of the Court's order and had read it. The defendants asserted that they had some confusion about the effective date of the provision barring them from

engaging in the business of tax preparation, but they did not dispute that they knew the order was issued on September 21, 2016, and they did not contend that they made any effort to seek clarification from the Court of any terms of the order. *See Polo Fashions, Inc. v. Stock Buyers Int'l, Inc.*, 760 F.2d 698, 700 (6th Cir. 1985) (noting that "defendants [n]ever . . . claimed they were unclear or sought a clarification prior to institution of contempt proceedings," and concluding that "[t]he defendants acted at their own risk by failing to seek the court's interpretation of the injunction if they had any good faith doubt as to its meaning."). Based on the record of the proceedings and the defendants' testimony, the Court finds by clear and convincing evidence that the terms of the order were clear and definite and that the defendants had actual knowledge of the same when the order was issued. The Court therefore concludes that the defendants' continued engagement in the business of tax preparation warrants holding them in civil contempt of the injunction. However, the assessment of a penalty for that contempt will abide the final resolution of the case.

Accordingly, it is **ORDERED** that defendants Denise Pope and Janise Jones are **HELD IN CIVIL CONTEMPT** of the September 21, 2016 injunction issued by this Court barring them from engaging in the business of tax preparation after that date. The assessment of a penalty for the defendants' contempt will abide the final disposition of the case.

It is further **ORDERED** that the parties must appear for a status conference **on April 19, 2017 at 2:00 p.m.**

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated:   January 26, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2017.

                                 s/Susan Pinkowski
                                 SUSAN PINKOWSKI